UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cr-00167-JMS-KPF |
| | ) | |
| ROBERT JONES, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**Order Denying Motion to Reduce Sentence
Pursuant to § 404 of The First Step Act of 2018**

Defendant Robert Jones pled guilty in October 2018 to one count of distributing 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (Count 1), *see* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); one count of distributing a mixture or substance containing cocaine base (Count 3), *see* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and one count of carrying a firearm during and in relation to a drug trafficking crime (Count 4), *see* 18 U.S.C. § 924(c)(1). The parties agreed to concurrent 20-year sentences on Counts 1 and 3, plus a consecutive 5-year sentence on Count 4. Dkt. 46, ¶ 5 (plea agreement). The Court accepted the plea agreement and sentenced Mr. Jones to the agreed-upon terms.

Relying on the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "First Step Act"), Mr. Jones seeks to reduce his sentence on Counts 1 and 3 from 240 months to 120 months. Dkt. 63 at 8. He also asks the Court to reduce his term of supervised release from 10 years to 8 years. *Id.* The government argues that (1) Mr. Jones waived his right to seek a sentence reduction and (2) waiver aside, Mr. Jones is not entitled to relief.

1

## I. Background

At the time of Mr. Jones's offenses, Count 1 carried a minimum sentence of 10 years. 21 U.S.C. § 841(a)(1) (2007); 21 U.S.C. § 841(b)(1)(A) (2007). And for Mr. Jones, who had a prior felony conviction, the minimum was 20 years. *See* dkt. 75, ¶ 33 (presentence investigation report). Based on Mr. Jones's status as a career offender, and accounting for his acceptance of responsibility, the guidelines range for Counts 1 and 3 was 262 to 327 months. *Id.*, ¶ 80. Count 4 carried a mandatory consecutive 5-year prison term. *Id.* As noted above, Mr. Jones pled guilty to Counts 1, 3, and 4, and the Court imposed concurrent sentences—agreed to by the parties—of 240 months for Counts 1 and 3, plus a consecutive 60-month sentence on Count 4. As part of the plea agreement, Mr. Jones agreed "not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255." Dkt. 46, ¶ 11.

## II. Applicable Law

In 2010, Congress enacted the Fair Sentencing Act, which, among other things, increased the amount of crack cocaine (cocaine base) required to trigger certain mandatory minimum sentences. *United States v. Booker*, No. 07-CR-843-7, 2019 WL 2544247, at *1 (N.D. Ill. June 20, 2019). As amended by the Fair Sentencing Act, 21 U.S.C. § 841(b)(1)(B)(iii) now provides for a sentencing range of 5 to 40 years if the offense involved at least 28 grams but less than 280 grams of crack cocaine, with possible enhancement to 10 years to life based on any prior conviction for a "serious drug felony." 21 U.S.C. § 841(b)(1)(B)(iii) (2011).

Section 404 of the First Step Act of 2018 amended 18 U.S.C. § 3582, allowing district courts to consider sentence reductions for defendants who were not sentenced under the Fair Sentencing Act and who have not previously sought a sentence reduction under the terms of

2

the Fair Sentencing Act. 18 U.S.C. § 3582(c)(1)(B). By its own terms, § 404 "shall [not] be construed to require a court to reduce any sentence." First Step Act, § 404(c). Therefore, "[a] district court has broad discretion in addressing a First Step Act motion." *United States v. Sutton*, --- F.3d ----, ----, 2020 WL 3428076, at *6 (7th Cir. June 23, 2020).

### III. Discussion

The government argues that the Court cannot reduce Mr. Jones's sentence because (1) Mr. Jones waived his right to seek a sentence modification and (2) Counts 3 and 4 are ineligible for reduction because they are unaffected by the Fair Sentencing Act. Mr. Jones counters that (1) he could not have knowingly waived his right to seek a modification under the First Step Act because the First Step Act did not exist when he pled guilty and (2) the Court should modify his sentences for both Counts 1 and 3 under the "sentencing package" doctrine. The Court need not resolve these disputes because even if Mr. Jones is eligible, he has not shown that a sentence reduction is warranted.

Waiver aside, Mr. Jones's plea agreement looms large. Mr. Jones faced a guidelines range of 262 to 327 months for Counts 1 and 3, but he received only 240 months pursuant to the agreement—a significant concession from the government. The parties agree that the relevant guideline range would be the same if Mr. Jones were sentenced today. To be sure, Mr. Jones would have been in a slightly better negotiating position had the Fair Sentencing Act been in effect when he pled guilty. But Mr. Jones does not seek to withdraw his plea and renegotiate his deal. He seeks to "have his cake and eat it, too, keeping his [agreed] sentence while maintaining his arguments for why it should be lower." *Sutton*, --- F.3d at ----, 2020 WL 3428076, at *6. Perhaps such a result would be appropriate in an extraordinary case, but Mr. Jones has not shown that his is that case. The Court therefore exercises its discretion by declining to reduce Mr. Jones's sentence.

## IV. Conclusion

Mr. Jones's motion to reduce sentence, dkt. [63], is **denied**.

**IT IS SO ORDERED.**

Date: 6/30/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
barry.glickman@usdoj.gov

Juval O. Scott
INDIANA FEDERAL COMMUNITY DEFENDERS
juval.scott@fd.org

Sara Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org