UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cr-00167-JMS-KPF |
| | ) | |
| ROBERT JONES, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Motion for Compassionate Release
and Denying as Moot Motion to Reconsider**

Pending before the Court are Robert Jones's motion to reconsider the denial of his motion to reduce sentence, dkt. [79], and his motion for compassionate release, dkt. [86]. In his motion to reconsider, Mr. Jones seeks reconsideration of the Court's order denying his motion for sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"). In his motion for compassionate release, he seeks immediate release and the reduction of his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act. For the reasons explained below, Mr. Jones's motion for compassionate release is **granted** and his motion to reconsider is **denied as moot**.

### I. Background

Mr. Jones pleaded guilty in October 2008 to one count of distributing 50 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (Count 1), one count of distributing a mixture or substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 3), and one count of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 4). The parties entered into a binding plea agreement pursuant to Federal

Rule of Criminal Procedure 11(c)(1)(C) and agreed to concurrent 20-year sentences on Counts 1 and 3 with a consecutive 5-year sentence on Count 4. Dkt. 46 at ¶ 5. The Court accepted the plea agreement and sentenced Mr. Jones to the agreed-upon terms. Dkt. 48.

At the time of Mr. Jones's sentencing, Count 1 carried a minimum sentence of 10 years. 21 U.S.C. § 841(a)(1) (eff. July 27, 2006, to Apr. 14, 2009). Because the United States filed an information pursuant to 21 U.S.C. § 851 showing that Mr. Jones had a prior felony drug conviction, the applicable minimum sentence was 20 years. *See* dkt. 20. Based on Mr. Jones's status as a career offender and his acceptance of responsibility, the Sentencing Guidelines range for Counts 1 and 3 was 262 to 327 months' imprisonment. Dkt. 75 at ¶ 80. Count 4 carried a mandatory consecutive sentence of 60 months' (or 5 years') imprisonment. 18 U.S.C. § 924(c)(1)(A)(i) (eff. Oct. 6, 2006, to Dec. 20, 2018).

Mr. Jones is 42 years old and is now incarcerated at Forrest City Low Federal Correctional Institution ("Forrest City") in Forrest City, Arkansas. His release date is currently projected to be May 18, 2029. Dkt. 91-1.

In September 2019, Mr. Jones asked the Court to reduce his sentence on Counts 1 and 3 from 240 months to 120 months and his term of supervised release from ten to eight years. Dkt. 63 at 8. The Court denied the motion, finding that Mr. Jones failed to show that a sentence reduction was warranted given the benefits of his binding plea agreement. Dkt. 78. Mr. Jones has since filed a motion to reconsider that Order. Dkt. 79.

In August 2020, Mr. Jones filed a pro se motion for compassionate release asking for immediate release and the reduction of his sentence to time served due to the threat posed by the COVID-19 pandemic. Dkt. 86. The Court appointed counsel to represent Mr. Jones, and counsel filed a brief in support of the motion on October 19, 2020. Dkts. 87, 91. The United States

responded on November 3, 2020, dkt. 96, and Mr. Jones filed a reply on November 10, 2020, dkt. 97.

## II. Discussion

Mr. Jones argues that an extraordinary and compelling reason for release exists due to the threat of the COVID-19 pandemic in combination with his obesity and hypertension. He also argues that consideration of the sentencing factors listed in 18 U.S.C. § 3553(a) favors his release. In response, the United States asserts that Mr. Jones waived his ability to seek compassionate release, that Mr. Jones has not established an extraordinary and compelling reason for release, and that Mr. Jones is a danger to the community and the sentencing factors do not favor his release.

Mr. Jones's motion falls within 18 U.S.C. § 3582(c)(1)(A). Until December 21, 2018, only the Bureau of Prisons ("BOP") could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)). Section 3582(c)(1)(A), as amended by the First Step Act, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Mr. Jones submitted a request for early release to the warden at Forrest City on June 3, 2020. Dkt. 86-1 at 12-13. The warden denied the request on July 23, 2020. Dkt. 86-1 at 15. Accordingly, the merits of the motion for compassionate release are ripe for the Court's consideration.[1]

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("Guidelines") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether

---

[1] The exhaustion requirement is not jurisdictional and can be waived by the United States. *See United States v. Jackson*, No. 2:15-cr-00013-JMS-CMM-1, dkt. 137 (S.D. Ind. Apr. 28, 2020); *cf. United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015) (holding that criteria for granting sentence reduction in § 3582(c)(2) are not jurisdictional). Thus, even if Mr. Jones has not exhausted his administrative remedies, the Court considers the United States' failure to address exhaustion to be a waiver of the issue.

"[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Jones is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13. Before examining these issues, however, the Court will address the United States' argument that Mr. Jones waived his ability to request a sentence reduction under § 3582. *See* dkt. 96 at 2-5.

### A. Waiver

The United States argues that Mr. Jones waived his right to seek a sentence modification based on the terms of his plea agreement. Dkt. 96 at 2-5. Mr. Jones signed his original plea agreement on August 15, 2008, dkt. 33, and his amended plea agreement on October 22, 2008, dkt. 46. He pleaded guilty on October 22, 2008. Dkt. 45. In his plea agreement, he agreed "not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255." Dkt. 46 at ¶ 11.

In cases where a defendant signed a similar waiver and pleaded guilty before enactment of the First Step Act, this Court has consistently found that the defendant did not knowingly and voluntarily waive the right to file a compassionate release motion in district court because the right to file such a motion did not exist when the defendant agreed to the waiver. *See, e.g.*, *United States v. Rice*, No. 2:15-cr-19- JMS-CMM-10, dkt. 805, at 4–5 (S.D. Ind. Sept. 24, 2020) (denying motion to dismiss on basis of plea waiver); *United States v. Ayers*, No. 1:17-cr-255-TWP-TAB-01, dkt. 60 at 2–3 (S.D. Ind. Sept. 24, 2020) (same). By contrast, when a defendant signed his plea waiver and pleaded guilty after enactment of the First Step Act, this Court has found that the plea waiver

5

controls. *See United States v. Egebrecht*, 2:17-cr-0007-JRS-CMM-01, dkt. 72 (S.D. Ind. June 29, 2020); *United States v. Harris-Harden*, No. 1:18-cr-211-JPH-TAB-1, dkt. 77 (S.D. Ind. Sept. 22, 2020).

Mr. Jones signed his waiver well before enactment of the First Step Act. Thus, the Court concludes that he did not knowingly and voluntarily waive the right to file a compassionate release motion. Accordingly, the Court will proceed to the merits of Mr. Jones's motion.

### B. Extraordinary and Compelling Circumstances

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances. U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This Court has held that it has the discretion to determine what qualifies as "extraordinary and compelling" under the catchall provision. *See United States v. Critchlow*, No. 2:15-cr-00006-JMS-CMM-01, dkt. 52 (S.D. Ind. Sept. 16, 2020).

Mr. Jones does not suggest that subsections (A) through (C) of Application Note 1 to § 1B1.13 apply to him. Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case. For the reasons explained below, the Court concludes that it does.

The COVID-19 pandemic is a serious public health crisis affecting every aspect of society. Most courts have concluded that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Dickson¸* No. 1:19-cr-251-17, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) (same); *United States v. Eberhart*, No. 13-cr-003130PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons."); *see generally United States v. Clark*, No. 1:09cr336-1, 2020 WL 1874140, at *8 (M.D.N.C. Apr. 15, 2020). However, many courts have found that a prisoner may show an "extraordinary and compelling reason" warranting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) by demonstrating that he is at an increased rise of severe illness from COVID-19 due to preexisting chronic medical conditions. *E.g. United States v. Howard*, No. 4:15-cr-00018-BR, 2020 WL 2200855 (E.D.N.C. May 6, 2020) (granting release based on "chronic obstructive pulmonary disease ('COPD'), Type II diabetes, obesity, Stage 3 kidney disease, edema, open wounds on his legs, and a diaphragmatic hernia" even though these conditions did not prevent the defendant from engaging in most of his daily activities without assistance); *United States v. Coles*, No. 00-cr-20051, 2020 WL 1976296 (C.D. Ill. Apr. 24, 2020) (granting release based on hypertension, prostate issues, bladder issues, a dental infection and prediabetes); *United States v. Joling*, No. 11-cr-60131-AA, 2020 WL 1903280 (D. Ore. Apr. 17, 2020) (granting compassionate release based on "hypertension, atherosclerosis, a history of transient ischemic attacks, dyslipidemia, obesity, history of left lower extremity fracture" and diagnosis of "prostatic adenocarcinoma").

Mr. Jones first argues that a sentence reduction based on extraordinary and compelling reasons is warranted because he is obese and has hypertension and high cholesterol. Dkt. 91 at 5-8. According to medical records submitted by Mr. Jones, he is 73 inches tall and weighs 351 pounds. Dkt. 93-1 at 21. Based on these measurements, Mr. Jones has a BMI of 46.3 and is obese. *See* Adult BMI Calculator, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/ english_ bmi_calculator/ bmi_calculator.html (last visited Nov. 12, 2020). Similarly, Mr. Jones suffers from hypertension and high cholesterol, and he has been prescribed medication to address these conditions. Dkt. 93-1 at 11-12.

Obesity places Mr. Jones at high risk of experiencing serious complications if he contracts COVID-19, and hypertension may increase his risk of severe symptoms. *See* Certain Medical Conditions and Risk for Severe COVID-19 Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html# chronic-lung-disease (last visited Nov. 12, 2020). The prison setting also poses risks which are recognized by many courts as significantly higher when it comes to preventing and treating infection, exacerbating the instances as well as the duration of this disease. *See, e.g.*, *United States v. Zukerman*, No. 16-cr-194-AT, 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) ("Given that inmates at Otisville live in close quarters, social distancing is impracticable if not impossible, make it difficult for Zukerman to protect himself from the spread of this dangerous and highly contagious virus."); *United States v. Pabon*, No. 17-165-1, 2020 WL 2112265, at *5 (E.D. Penn. May 4, 2020) ("Prisons are ill-equipped to prevent the spread of COVID-19. Many of the recommended measures to prevent infection are impossible or unfeasible in prison.").

Thus, the Court concludes that Mr. Jones is at an increased risk of experiencing severe symptoms if he contracts COVID-19 largely because he cannot undertake appropriate measures to

protect himself. The United States frequently concedes that having a CDC-identified COVID-19 risk factor satisfies the "extraordinary and compelling" prong of § 3582(c)(1)(A)(i), even when the defendant is not limited in providing self-care and, thus, does not qualify under subsection (A). *See, e.g.*, *United States v. Finan*, No. 1:17-cr-87-TWP-MJD-1, dkt. 145 at 13 (S.D. Ind. June 23, 2020) ("Therefore, because [the defendant] has established that he has a CDC-identified COVID-19 risk factor, the government does not contest that he has satisfied the 'extraordinary and compelling reason' prong of section 3582(c)(1)(A)(i)."); *United States v. Elmer,* No. 1:17-cr-113-JRS-TAB, dkt. 247 at 7 (S.D. Ind. June 17, 2020) ("[The defendant's] diabetes, during the COVID-19 pandemic, presents an extraordinary and compelling reason allowing for compassionate release."); *United States v. Sanders*, No. 3:06-cr-23-RLY-WGH-1, dkt. 31 at 6 (S.D. Ind. Oct. 26, 2020) ("The government concedes that the defendant has presented 'extraordinary and compelling circumstances,' in that he has at least one condition that puts him at an increased risk of severe illness from COVID-19. . . . Specifically, he is obese.").

Because Mr. Jones's medical conditions place him at a high level of risk for serious complications from COVID-19 and because he is unable to take appropriate steps to protect himself while he is incarcerated, he has established extraordinary and compelling reasons warranting his release.

### C. Danger to the Community

The Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) is the provision outlining the factors the Court must consider in determining whether a defendant should be detained pending trial. In turn, § 3142(g) provides:

> **(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
> > **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> > **(2)** the weight of the evidence against the person;
> > **(3)** the history and characteristics of the person, including--
> > > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > > **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> > **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). The United States argues that releasing Mr. Jones poses a danger to the community.

As set forth in Mr. Jones's presentence investigation report ("PSR"), his convictions were based on several incidents in 2007 during which Mr. Jones sold firearms, cocaine base, and powder cocaine to an uncover officer with the Indianapolis Metropolitan Police Department. *See* dkt. 75 at ¶¶ 13-21. At the time of his sentencing in this case, Mr. Jones had two prior felony convictions in the state of California—one for possession of a controlled substance for sale and one for possession of a narcotic for sale. *See id.* at ¶¶ 43-44.

The United States contends that Mr. Jones's "offense conduct and his criminal history clearly demonstrate he would present a danger to the community [if] released." Dkt. 96 at 17. It focuses on his prior drug convictions, the number of firearms sold to the undercover officer, and the amount of cocaine and cocaine base sold to the undercover officer. *Id.*

In contrast, Mr. Jones focuses on his current age, his conduct while incarcerated, and the support of his immediate and extended family to argue that he does not present a danger to the community. *See* dkt. 91 at 11-13.

While the Court recognizes the significant amount of controlled substances and firearms involved in Mr. Jones's conviction, his release from incarceration to a ten-year term of supervised release would not pose a danger to the community.[2] Mr. Jones has been incarcerated for almost 13 years and has displayed exemplary behavior during that time. Specifically, he has received only three disciplinary reports, with the last occurring in January 2017. *See* dkt. 96-1. Additionally, he has been employed in food services since 2016, and he has completed several education courses and earned his GED. *See* dkt. 93-2. The Court also notes that Mr. Jones is currently incarcerated at a low security facility.

Pursuant to § 3142(g), the Court finds that Mr. Jones does not pose a danger to any other person or the community if his sentence is reduced to time served as of November 18, 2020.

**D. Section 3553(a) Factors**

In evaluating a motion for compassionate release, the final consideration is whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence. *United States v. Ebbers*, No. S402CR11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020). In this case, they do not.

---

[2] In his motion to reduce sentence under § 404 of the First Step Act, Mr. Jones requested that his term of supervised release be reduced from 10 to eight years. *See* dkt. 63 at 14. The Court concludes that a reduction in the term of supervised release is not warranted considering the amount of controlled substances and firearms involved in Mr. Jones's offenses.

Section 3553(a) provides:

**(a) Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed—
>> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> **(B)** to afford adequate deterrence to criminal conduct;
>> **(C)** to protect the public from further crimes of the defendant; and
>> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence[s] and the sentencing range established for--
>> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . . ;]
>
> **(5)** any pertinent policy statement guidelines [issued by the Sentencing Commission . . . ;]
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> **(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The nature and circumstances of Mr. Jones's offenses are certainly serious, as reflected by the fact that his Guidelines range was 262 to 327 months' imprisonment and he faced a statutory mandatory minimum sentence of 20 years on Count 1 and a consecutive term of five years on Count 4. Dkt. 75 at ¶¶ 79-80. But Mr. Jones is now 42 years old and has served nearly 13 years in prison. *See* dkt. 91-1 at 4. The time he has already served reflects the seriousness of his offenses and represents a severe punishment.

When considering a motion for compassionate release, a court can consider "new statutory minimum or maximum penalties; current Guidelines; post-sentencing conduct; and other relevant information about a defendant's history and conduct." *United States v. Hudson*, 967 F.3d 605, 609

(7th Cir. 2020) (considering motions for sentence reduction under § 404 of the First Step Act). Based on the evidence before the Court, Mr. Jones has been a model inmate, completing educational programs and holding a good job. He states his intention to live his with mother and stepfather upon release. Moreover, if he were sentenced today, he would be subject to a mandatory minimum of 10 years on Count 1 rather than the 20-year mandatory minimum sentence he received. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (eff. Dec. 21, 2018) (providing for 10-year minimum mandatory sentence after conviction of one serious drug felony). He has already served almost 13 years.

When combined with the risk to Mr. Jones from the COVID-19 pandemic, the Court finds that these factors weigh in favor of reducing Mr. Jones's sentence to time served. *See United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence); *United States v. Curtis*, No. CR 03-533 (BAH), 2020 WL 1935543, at *4 (D.D.C. Apr. 22, 2020) ("That a defendant sentenced today, identical in every way to the defendant in this case, would face 15.5–19.5 years' imprisonment is strong evidence that defendant's 17 years' imprisonment adequately reflects the "seriousness of [his] offense" and "provide[s] just punishment for the offense.").

### III. Conclusion

Pursuant to 18 U.S.C. § 3582(c), the Court finds that extraordinary and compelling reasons warrant a reduction of Mr. Jones's sentence, that Mr. Jones does not pose a danger to any other person or the community under the conditions of his release, that the § 3553(a) factors support a reduction, and that the reduction is consistent with the Sentencing Commission's policy statements.

Therefore, the Court **GRANTS** Mr. Jones's motion for compassionate release, dkt. [86], **ORDERS** that Mr. Jones's sentence of imprisonment be reduced to **time served as of November 18, 2020,** and further **ORDERS** the BOP to release Mr. Jones by **4:00 p.m. on Wednesday, November 18, 2020.** Counsel for the United States is **ORDERED** to transmit the AO248 Order to Mr. Jones's custodian no later than November 17, 2020.

**The term of supervised release remains 10 years.** The terms of supervised release imposed in the Judgment of October 30, 2008, remain the same with the addition of the following conditions:

Mr. Jones is ORDERED to comply with any period of quarantine due to the COVID-19 pandemic as directed by medical staff and/or any state or local health authority.

In light of the foregoing, Mr. Jones's motion to reconsider the denial of his motion to reduce sentence, dkt. [79], is **denied as moot**.

**IT IS SO ORDERED.**

Date: 11/13/2020

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel